IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEROME GARRY,

          Plaintiff,

    v.

DAN BUCKWALD, LANE
COUNTY JAIL, DEPUTY J.
SETLIFF,

          Defendants.

No. 6:17-cv-01572-HZ

OPINION & ORDER

Gerome H. Garry
Coffee Creek Correctional Facility
24499 S.W. Grahams Ferry Road
Wilsonville, Oregon 97070

    Plaintiff Pro Se

Sebastian Tapia
LANE COUNTY COUNSEL
125 East 8th Avenue
Eugene, Oregon 97401

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Pro se Plaintiff Gerome Garry, formerly an inmate the Lane County Jail, brings this 42 U.S.C. § 1983 action alleging that Defendants violated his Eighth Amendment rights by providing inadequate medical care following an injury and by refusing to provide him breakfast when he was late for meal service. Defendants move for summary judgment. I grant the motion.

BACKGROUND

In his Second Amended Complaint, Plaintiff alleges that on October 8, 2017, while working in the kitchen at the Lane County Jail, he slipped and fell on the floor. Sec. Am. Compl. at p. 3. He hit his head, was knocked unconscious, and had a two-inch laceration. *Id.* He woke up in the hospital, was taken back to jail, and placed in solitary confinement. *Id.* at p. 4. He blacked out and fell two or three more times during the next two weeks. *Id.* at p. 4. He received no medical care despite repeated requests and still suffers from headaches and loss of memory. *Id.* He attributes the initial fall to unsafe conditions in the kitchen and being forced to work long hours there. *Id.* He alleges that Defendant Dan Buckwald is a captain at the Lane County Jail who is responsible for the Lane County Jail staff and allows this unconstitutional treatment of inmates. *Id.*

Plaintiff also brings a separate claim alleging that on February 1, 2018, he woke up at 5:50 a.m. which was late for the 5:45 a.m. food service. *Id.* He asked to be fed but Defendant J. Setliff refused to provide him a meal because he was late. *Id.* He contends that Setliff's refusal to give him breakfast violated the Eighth Amendment because Plaintiff had not eaten since the previous afternoon and did not receive a meal until 10:45 a.m. on February 1, 2018, a span of about eighteen hours. *Id.*

For relief, he asks the Court to investigate and change jail policy, to order better training of jail staff and better safety measures for inmates, and to award economic damages. *Id.* at p. 5.

STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support

his claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants move for summary judgment contending that Plaintiff failed to exhaust administrative remedies and alternatively, that Setliff is entitled to qualified immunity. Because I agree with Defendant on the exhaustion issue, I decline to address the alternative qualified immunity issue.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), makes administrative exhaustion mandatory. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is an affirmative defense "that must be pled and proved by a defendant." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). The defendant has the burden to prove that "there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. Once a defendant has made such a showing, the burden shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If, when viewing the evidence in the light most favorable to the prisoner, the undisputed evidence shows a failure to exhaust, the defendant is entitled to summary judgment. *Id.* at 1166.

4 - OPINION & ORDER

Lane County Jail has a grievance process which requires inmates to file a grievance within fourteen days of an aggrieved event. French May 27, 2018 Decl., Ex. A at 33, ECF 20-1. The grievance procedure is contained in the Lane County Jail Inmate Information Manual. *Id.*, Ex. A. In December 2017, Deputy Sheriff Andrew Brooks confirmed with Plaintiff that Plaintiff had received an inmate manual upon being housed in the jail. Brooks Decl. ¶ 2, ECF 21. Plaintiff agreed he received an inmate manual at that time, but asked for another because it had been a long time. *Id.* Brooks then gave Plaintiff another copy of the manual. *Id.*

Lieutenant Steve French states that Plaintiff was in custody of the jail for the entire fourteen-day period following the alleged October 8, 2017 and February 1, 2018 incidents at issue in his Second Amended Complaint. French May 27, 2018 Decl. ¶ 4, ECF 20. French asserts that according to Lane County Jail's housing history records, Plaintiff was not in segregation or disciplinary housing during the fourteen days following either alleged event. *Id.*

Setliff recalls that after the February 1, 2018 incident regarding breakfast, Plaintiff asked him for an inmate request form so that he could start the grievance process. Setliff Decl. ¶ 5, ECF 22. Setliff gave Plaintiff the form at that time. *Id.* French states that, upon exhaustive review of jail records, Plaintiff did not start the grievance process concerning either the October 8, 2017 or February 1, 2018 events. French May 29, 2018 Decl. ¶ 5. In a subsequent Declaration, French clarifies that Plaintiff did not start the grievance process as to either event until May 10, 2018 when Plaintiff submitted a request for grievance forms. French Aug. 1, 2018 Decl., ¶ 5, ECF 29.

Based on these facts, Defendants argue that they are entitled to summary judgment because the record is clear that Plaintiff failed to timely file a grievance for either event when he

was able to do so.

In response to the exhaustion argument and evidence, Plaintiff, who received a Pro Se Party Summary Judgment Advice Order, ECF 23, submits only a legal memorandum. *See* Pl.'s Resp. to Defs.' Mot., ECF 26. He filed no Declaration. Thus, he fails to controvert any facts asserted by Defendants. However, even if I consider facts he sets forth in his Response Memorandum, he fails to create an issue of fact precluding summary judgment.

Plaintiff makes two arguments in response to Defendants' failure to exhaust argument. First, he asserts that following the October 8, 2017 incident, he was placed in segregation for requesting a grievance form and was unable to file a grievance. Thus, he should be excused from the exhaustion requirement. Second, he asserts that he did not file grievances over either incident because he feared he would be retaliated against.

As to the first argument, Plaintiff states that between October 10, 2017 and October 24, 2017, he was placed in "IDU," which he describes as a segregation unit, in retaliation for requesting a grievance form. Pl.'s Resp. at 4. Plaintiff provides no specific facts regarding to whom he directed his request, when he made the request, and who retaliated against him. Conclusory assertions are insufficient to create a genuine issue of fact. *See, e.g., United States v. Wilson*, 881 F.2d 596, 601 (9th Cir. 1989) (self-serving and conclusory declarations of fact are insufficient to raise a genuine issue of fact); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data). Thus, Plaintiff fails to create an issue of fact that he was retaliated

against and placed in "IDU" in response to requesting a grievance form.[1]

Plaintiff's argument also appears to be that because he was in "IDU," he could not initiate the grievance process. French explains that from October 11, 2017 to October 25, 2017, Plaintiff was in what is called an "Inmate Disciplinary Unit" (IDU), but that during this time, Plaintiff was actually in a standard housing unit. French Aug. 1, 2018 Decl. ¶ 2. As French explains, Plaintiff was placed in this category of housing because he refused to obey an order to attend a court hearing on October 10, 2017. *Id.* French further explains that "IDU is an administrative disciplinary status in which an inmate's privileges are restricted, but it does not limit an inmate's access to dayroom." *Id.* In dayroom, an inmate may easily obtain an Inmate Request Form to start the grievance process. *Id.* Thus, it is undisputed that Plaintiff was in IDU.[2] But, Plaintiff asserts no facts to contradict Defendants' assertion that even in "IDU," Plaintiff had the ability to initiate the grievance process during that time. Thus, his placement in IDU did not make the

---

[1] In discussing this issue, Plaintiff refers to his Second Amended Complaint as well as "statements reported in exhibits 1, 2, 3, 4." Pl.'s Resp. at p. 4. No exhibits were submitted with Plaintiff's response to the motion. In November 2017, Plaintiff previously filed Exhibits 1 - 7. ECF 6. These were filed when he had other claims at issue which have since been dismissed and these documents appear to have no bearing on the October 8, 2017 and February 1, 2018 incidents. More likely, I believe Plaintiff's reference is to a previous filing by Defendants. On June 13, 2018, Defendants filed a motion for summary judgment and attached four exhibits to it, consisting of the Declarations of French, Brooks, and Setliff, and a copy of the Inmate Information Manual. Defs.' S.J. Mot., Exs. 1-4, ECF 18. This motion was mooted by an amended motion filed by Defendants about two weeks later, on June 29, 2018, and which is the motion under review. *See* ECF 19, 24. The three Declarations were filed in support of the amended motion as separate docket entries and the Inmate Manual is an exhibit to French's Declaration. *See* ECF 20 (French Decl. with Inmate Manual attached as Ex. A); ECF 21 (Brooks Decl.); ECF 22 (Setliff Decl.).

[2] Plaintiff indicates that he has requested something he refers to as "Exhibit 5" which is a disciplinary report showing he was placed in the IDU. Because Defendants do not dispute his placement in IDU, I need not review this document to resolve the motion.

grievance process unavailable to him. Additionally, I note that Plaintiff alleges that he was injured in the jail kitchen on October 8, 2017, but even Plaintiff states he was not placed in "IDU" until October 10, 2017. Thus, two days elapsed and he did not request a grievance form. Further, he did not file a grievance within fourteen days of being released from IDU. Based on the undisputed facts, Plaintiff had the ability to file a grievance within fourteen days of the October 8, 2017 incident, or within fourteen days of his release from IDU, and he failed to do so.

As for the retaliation argument, in addition to his conclusory assertion that he was placed in IDU in October 2017 in retaliation for asking for a grievance form, Plaintiff again makes only conclusory, vague assertions that inmates face retaliation when seeking to file a grievance. Pl.'s' Resp. at pp. 4-7. When, on May 10, 2018 he finally requested a grievance form to report the two incidents at issue in this lawsuit, Plaintiff wrote that "the reason for the untimely grievance is that I was in fear of retaliation as I have witnessed other inmates subjected to retaliation for requesting grievance[.]" French Aug. 1, 2018 Decl. Ex. A at 1 (expressing desire to file a grievance for Oct. 8, 2017 incident); *see also id.*, Ex. A at 2 (expressing desire to file a grievance for Feb. 1, 2018 incident and explaining that "the reason for the untimely grievance is that I was in fear of retaliation. I've witnessed this form of treatment to other inmates who grieve."), ECF 29-1.

Putting aside that Plaintiff's assertions are not made in a Declaration, Plaintiff fails to provide specific facts about these alleged incidents such as which inmates, when, by whom, and the nature of the alleged retaliation. Without such facts, this Court evaluates Plaintiff's argument only as presented: Plaintiff observed other unspecified inmates at unspecified times be retaliated

against by unspecified jail staff in an unspecified manner because the inmate asked for a grievance form. In the May 10, 2018 grievance form requests, Plaintiff does not allege that he was personally retaliated against.

"[A] prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident." *Rodriguez v. Cty. of L.A.,* 891 F.3d 776, 792 (9th Cir. 2018) (citing *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015)). To be excused from the exhaustion requirement,

> the prisoner must show that (1) he actually believed prison officials would retaliate against him if he filed a grievance; and (2) a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.

*Id.* (internal quotation marks omitted).[3]

In *Rodriguez*, the plaintiffs submitted declarations describing the reasons they feared retaliation for filing grievances arising out of cell extractions. *Id.* at 793. The declarations contained specific facts regarding the alleged retaliatory conduct, including specific words and conduct used to threaten the inmates. *Id.* The court explained that "if the [plaintiffs] had alleged only general and unsubstantiated fears about possible retaliation, . . . we would hold that they had

---

[3] Defendants erroneously represent that "no cases have been decided within the Ninth Circuit regarding threats and their relation to failure to exhaust administrative remedies[.]" Defs.' Reply 3, ECF 28. In fact, almost three years ago in a 2015 case, the Ninth Circuit "recognize[d] expressly" "that the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies." *McBride*, 807 F.3d at 987.

not exhausted their administrative remedies." *Id.* at 794. Instead, however, the declarations reveal "factual statements" that supported an "actual and objectively reasonable fear of retaliation for filing grievances." *Id.*

Here, Plaintiff presents only "general and unsubstantiated fears about possible retaliation." Thus, he fails to create an issue of fact on the exhaustion issue. Defendants have shown that an administrative remedy was available to Plaintiff and that he did not exhaust that remedy. Plaintiff has not come forward with evidence establishing that the administrative remedies were effectively unavailable to him. Defendants are therefore entitled to summary judgment because even when I rely on the unsworn facts in Plaintiff's Response and in the May 10, 2018 grievance request forms, and view the facts in Plaintiff's favor, there is no dispute that he failed to exhaust his administrative remedies.

## CONCLUSION

Defendants' Motion for Summary Judgment [19] is granted.

IT IS SO ORDERED.

Dated this 14 day of Sept., 2018

Marco A. Hernandez
United States District Judge